## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | | |
|---|---|---|
| KAREN MCGUIRE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, | * | No. 3:14-CV-00215-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

### MEMORANDUM AND ORDER

Plaintiff, Karen McGuire, has appealed the final decision of the Commissioner of the Social Security Administration[1] to deny her claim for disability insurance benefits. The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. Both parties have submitted appeal briefs and the case is ready for a decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). It is more than a scintilla of evidence but less than a preponderance. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

In assessing the substantiality of the evidence, the Court must consider evidence that

---

[1] Carolyn W. Colvin was sworn in as Acting Commissioner of the Social Security Administration on February 14, 2013, replacing Michael Astrue. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

In opposing the Commissioner's decision, Plaintiff argues that the Administrative Law Judge (ALJ) erred as follows: 1) he did not give due deference to Dr. Lee Woodruff, a specialist in podiatric medicine; 2) he wrongly rejected statements made by Plaintiff's employer, Mr. John Donnell; and 3) he wrongly rejected the validity of McGuire's GAF score. After careful consideration of Plaintiff's arguments and the record as a whole, for the following reasons the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff's strongest argument is regarding the opinions of Dr. Woodruff. The ALJ indeed accorded little weight to his opinion (Pl.'s Br. 10-12; Tr. 20) and this gives the Court some pause. During their initial meeting on December 19, 2011, Dr. Woodruff reported that Plaintiff was experiencing significant pain in her right heel, which he treated by injecting an anti-inflammatory steroid and giving Plaintiff accommodative padding. (Tr. 315.) Plaintiff then returned to Dr. Woodruff's office on February 7, 2012, complaining of severe burning pain on the bottoms of both feet. (*Id.*) Dr. Woodruff felt that her symptoms were possibly due to her lumbar spine disorder (self-reported by Plaintiff). (*Id.*) He concludes by stating, "Apparently her foot pain has been very chronic in nature and limited her ability to do any prolonged walking or standing. I feel her lumbar spine disorder will have to be addressed for her to see any improvement for her condition. I feel her prognosis is fair at this time." (*Id.*) This is compelling evidence in support of Plaintiff's claim; at the very least, she was experiencing some degree of pain that reduced her ability to stand for long periods of time. And ordinarily, the ALJ must give great weight to the opinion of a treating

2

physician. But here, the ALJ considered this evidence and gave an adequate explanation for discounting Dr. Woodruff's opinion. The ALJ notes that, "[a]lthough Mr. Woodruff essentially considers the claimant unable to work, the issue of the claimant's residual functioning capacity and whether she is 'disabled' are issues reserved to the Commissioner . . . ." (Tr. 20.) Without more, this would be problematic because great weight must be accorded to the opinion of a treating physician and cannot be summarily dismissed without explanation. The ALJ continues by stating:

> There is no evidence of record supporting the claimant's statement to him of any lumbar spine disorder. Her physical examinations have never referenced any decreased range of motion or loss of motor or muscle strength. She has never complained of pain in her spine. In fact, she admitted she had not sought treatment or evaluation for this condition. Thus, the fact that part of Mr. Woodruff's opinion is based on this faulty assertion makes his opinion less trustworthy.

(Tr. 20.)

Though not made abundantly clear in the ALJ's findings, another major factor was the Plaintiff's sporadic treatment for her foot impairment. (Doc. No. 12 at 5.) Plaintiff did not seek treatment before August 2011, nor did she seek treatment after the ALJ's May 2013 decision. (*Id*.) Further, during a two-year period, she only saw Dr. Woodruff three times. (*Id*.) Dr. Woodruff only prescribed conservative treatment for her condition. (*Id*. at 7.) And Plaintiff reported during her January 2013 exam that the prescribed shoe gear had relieved her symptoms. (Tr. 344.) If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). Given these facts, the ALJ based his decision on substantial evidence that Plaintiff's foot impairment was not disabling and that Dr. Woodruff's opinion should be accorded little weight.

Second, the ALJ rejected the statement of John Donnell, Plaintiff's supervisor at her former employer. (Tr. 21.; Doc. No. 11 at 12.) In his letter, Donnell states, "Karen Smith seems to be in constant pain at work. She has a hard time getting around some days and it's obvious to me that she

has problem with her feet." (Tr. 230.) The ALJ, after considering the letter, responded, "However, this statement is based upon an uncritical acceptance of the claimant's complaints, and to some degree, is motivated by the desire to see her obtain benefits. It is generally given little weight . . . because of its high degree of subjectivity, and lack of medically acceptable standards." (Tr. 21.) The ALJ was correct in according it little weight because it is highly subjective and, as previously stated, the Plaintiff's symptoms improved over time with conservative treatment. Thus, the ALJ did not err in according little weight to John Donnell's letter.

Third, Plaintiff's argument overemphasizes the importance of GAF scores. The Commissioner has declined to endorse the use of the GAF Scale, noting that the GAF Scale did not have a direct correlation to the severity requirements in the mental disorder Listings. *See* 65 Fed. Reg. 50746, 50764-65 (August 21, 2000). Measuring mental impairments on a numerical scale is difficult. DSM-IV-TR cautions:

> DSM-IV is a classification of mental disorders that was developed for use in clinical, educational, and research settings. The diagnostic categories, criteria, and textual descriptions are meant to be employed by individuals with appropriate clinical training and experience in diagnosis. It is important that DSM-IV not be applied mechanically by untrained individuals. The specific diagnostic criteria included in DSM-IV are meant to serve as guidelines to be informed by clinical judgment and are not meant to be used in a cookbook fashion.

*Id.* at xxxii.

The ALJ noted these concerns in his decision. (Tr. 21.) The ALJ concluded, "The undersigned does not find the GAF to be a reliable measure of functional ability as GAF scores reveal only a picture in time and do not necessarily correlate with disability." (*Id.*) He continues, "[T]he GAF score may be based primarily on psychological or social impairments. In that case, while the scores would be useful in tracking the effectiveness of mental health treatment, they would not be of much significance in determining disability." (*Id.*) Therefore, by itself, the GAF score

4

does not rise to the level of a medical opinion that the ALJ must address. It is no more significant than any of the other axes of the multiaxial assessment. Thus, the ALJ did not err in rejecting the GAF score as determinative of a disability.

The Court is sympathetic to Ms. McGuire's claims. There is evidence that she has limitations related to her impairments, but the ALJ's finding that she could perform light work during the relevant time period is supported by the record. *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.") It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). In conclusion, the record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991). The record contains ample evidence as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson*, 402 U.S. at 401. Therefore, the Court affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 11th day of March, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE